491 P.2d 108 (1971)
In the Matter of the ESTATE of Elsa R. ERL, Deceased.
Irene MORRISON, Beneficiary, Appellant,
v.
William F. PRINDLE et al., Appellees.
No. 70-485.
Colorado Court of Appeals, Div. II.
November 16, 1971.
Lawrence E. Addy, Colorado Springs, for appellant.
Cortland N. Cool, Colorado Springs, for appellee, The First National Bank of Colorado Springs.
No appearance for appellees, William F. Prindle, Irving L. Wadlington, Catherine Jane Lohr (Deceased).
Selected for Official Publication.
DWYER, Judge.
This appeal was taken from an order construing a provision of the will of Elsa R. Erl entered in the course of the administration of her estate. The appellant, Irene Morrison, was named as a beneficiary, but her right to receive the legacy provided for her in the will was denied by the judgment of the trial court. Appellees are the executor of the estate and the residuary beneficiaries under the will.
The testatrix died March 14, 1969, and her will, dated June 17, 1966, was thereafter admitted to probate. The will, by which testatrix left all of her estate to her husband, who had predeceased her, also contained the following provision:
"FOURTH: Should my husband predecease me, or should we die as the result of a common disaster, I hereby give $5,000.00 to IRENE MORRISON, should she survive me, for the proper care of my dog Dutchess."
The legatee, Irene Morrison, was employed by the decedent and her husband for a number of years. She took care of the dog when the Erls spent the winter months in California. Mr. Erl died in July of 1967. Thereafter, Irene Morrison took care of the dog until it was destroyed on September 1, 1967, at Mrs. Erl's direction.
On motion of the executor, a hearing was held for the purpose of construing the fourth paragraph of the will. The court determined that the gift to Irene Morrison was conditional because of the phrase "for the proper care of my dog Dutchess" contained in the bequest. The court held that the condition was precedent and that the death of the dog prior to the death of the decedent made the condition impossible of performance. The court concluded that a bequest containing a condition precedent, which is impossible of performance, fails. The court ordered that Irene Morrison take nothing under the will and that the legacy be distributed to the residuary beneficiaries.
In seeking reversal, appellant, Irene Morrison, contends that if her legacy is *109 subject to a condition, it is a condition subsequent and not a condition precedent and that if a condition subsequent is impossible of performance the gift remains in effect, discharged of the condition. In support of this position, she cites the case of In Re Johnston's Estate, 277 App.Div. 239, 99 N. Y.S.2d 219. In that case the testatrix made a bequest of a sum of money to a legatee and directed that the legatee use the money and the income therefrom for the maintenance of two mares. Thereafter, testatrix was declared incompetent, and her representatives destroyed the horses. In holding that the prior death of the horses did not defeat the gift, the court said:
"For yet another reason this condition, if condition it be, does not defeat the legacy. Conditions are either precedent or subsequent. A condition is precedent when performance thereof must by necessity precede vesting of the gift. It is subsequent when its failure or nonperformance works a forfeiture of an estate already vested. * * * Here the duty imposed, if any, was clearly prospective and could not be performed until the payment of the legacy. The obligation to care for the horses did not precede the gift but arose after it. The condition required a course of continuous action on the part of the legatee following the vesting of the estate. Under such circumstances it was at best a condition subsequent. * * * Such a condition annexed to a legacy of personal property will not operate upon breach to divest the title of the legatee unless there is an express gift over on breach of the condition. * * * A general gift of the residue of an estate is not a gift over within this rule. * * * In the case at bar there is not the slightest suggestion of a gift over. Consequently, breach of the condition, if there was one, will not defeat the bequest."
The foregoing rules announced by the New York Court are applicable here. The obligation of Mrs. Morrison to care for the dog Dutchess did not precede the gift but arose after it. The condition, if any, was subsequent and not precedent. The death of the dog during the lifetime of the testatrix made it impossible for the beneficiary to care for the dog, but such impossibility does not defeat the gift; on the contrary, the gift remains in effect, discharged of the condition.
The judgment is reversed, and the cause is remanded for further proceedings consistent with the views herein expressed.
ENOCH and DUFFORD, JJ., concur.